# Exhibit "A"

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

____Delaware____ County

**For Prothonotary Use Only:**
Docket No: CV-2024-007747

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- [X] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

**Lead Plaintiff's Name:** Paul Crispin

**Lead Defendant's Name:** Outback Steakhouse

**Are money damages requested?** [X] Yes [ ] No

**Dollar Amount Requested:** (check one)
- [ ] within arbitration limits
- [X] outside arbitration limits

**Is this a Class Action Suit?** [ ] Yes [X] No

**Is this an MDJ Appeal?** [ ] Yes [X] No

**Name of Plaintiff/Appellant's Attorney:** Gerald B. Baldino, Jr., Esquire

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

## SECTION B

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [X] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**
Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other

- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [ ] Other:

FILED
Updated 1/1/2017

| | | |
|---|---|---|
| PAUL CRISPIN<br>508 Terravilla Lane<br>Ridley Park, PA 19078 | : <br> : <br> : <br> : | COURT OF COMMON PLEAS<br>OF DELAWARE COUNTY<br>CIVIL ACTION - LAW |
| Plaintiff, | : | NO. CV-2024-007747 |
| vs. | : <br> : | Jury Trial Demanded |
| OUTBACK STEAKHOUSE<br>1118 Baltimore Pike<br>Springfield, PA 19064<br>    And<br>BLOOMIN' BRANDS, INC.<br>2202 N. West Shore Boulevard, Suite 500<br>Tampa, FL 33607<br>    And<br>OSI RESTAURANT PARTNERS, LLC<br>2202 N. West Shore Boulevard, Suite 500<br>Tampa, FL 33607<br>    And<br>OUTBACK STEAKHOUSE OF<br>FLORIDA, LLC<br>1001 State Street, Suite 1400<br>Erie, PA 16501<br>    And<br>JOHN DOE 1-2<br>            Defendants. | | |

## NOTICE TO DEFEND

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by an attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.
LAWYERS REFERENCE SERVICE

Front and Lemon Streets
Media, Pennsylvania 19063
(610) 566-6625

SACCHETTA & BALDINO
By: Gerald B. Baldino, Jr., Esquire
Attorney I.D. No. 55624
Gerald B. Baldino, III, Esquire
Attorney I.D. No. 326111
308 East Second Street
Media, PA 19063
610-891-9212

*This is not an arbitration matter.*
*Jury trial is demanded.*

*Attorneys for Plaintiff*

PAUL CRISPIN
508 Terravilla Lane
Ridley Park, PA 19078

           Plaintiff,

vs.

OUTBACK STEAKHOUSE
1118 Baltimore Pike
Springfield, PA 19064
    And
BLOOMIN' BRANDS, INC.
2202 N. West Shore Boulevard, Suite 500
Tampa, FL 33607
    And
OSI RESTAURANT PARTNERS, LLC
2202 N. West Shore Boulevard, Suite 500
Tampa, FL 33607
    And
OUTBACK STEAKHOUSE OF FLORIDA, LLC
1001 State Street, Suite 1400
Erie, PA 16501
    And
JOHN DOE 1-2

           Defendants.

COURT OF COMMON PLEAS
OF DELAWARE COUNTY
CIVIL ACTION - LAW

NO.   CV-2024-007747

Jury Trial Demanded

## COMPLAINT

AND NOW come the plaintiff, Paul Crispin, by and through his undersigned counsel, Gerald B. Baldino, Jr., Esquire, and respectfully represents as follows:

1. Plaintiff, Paul Crispin, is an adult individual who resides at 508 Terravilla Lane Ridley Park, PA 19078.

2. Defendant Outback Steakhouse is an entity existing and doing business under the laws of the Commonwealth of Pennsylvania with a business address of 1118 Baltimore Pike, Springfield, PA 190643.

3. Defendant Bloomin' Brands, Inc. is an entity and Delaware corporation with a registered mailing address at 2202 N. West Shore Boulevard, Suite 500, Tampa, Florida, 33607.

4. Defendant OSI Restaurant Partners, LLC is an entity existing and doing business under the laws of the state of Delaware with a business address of 2202 N. West Shore Boulevard, Suite 500, Tampa, Florida, 33607.

5. Defendant Outback Steakhouse of Florida, LLC is a business entity doing business under the laws of the Commonwealth of Pennsylvania with a registered business address of 1001 State Street, Suite 1400, Erie, PA 16501.

6. Defendants John Doe 1-2 (fictitious name) are entities/individuals who were responsible for the care, maintenance, inspection, management and control of the property, as identified in further detail below.

7. Defendants, John Doe 1-2, (fictitious name), identities, after reasonable investigation and due diligence, are currently unknown.

8. At all times relevant hereto, the above named Defendants, Outback Steakhouse, Bloomin' Brands, Inc., OSI Restaurant Partners, LLC, Outback Steakhouse of Florida, LLC and John Doe 1-2 (collectively referred to as "Defendants") owned, managed, controlled, possessed, leased, operated and/or maintained an Outback Steakhouse restaurant located at or about 1118 Baltimore Pike, Springfield, PA 190643, including but not limited to the pedestrian aisleways, kitchen, and bathroom areas contained therein and defendants were in the care, custody and control of the premises and the specific location which is the subject of this litigation.

9. All defendants regularly conduct business within the County of Delaware, including but not limited through the operation of their Outback Steakhouse Restaurants located at, *inter alia*, 1118 Baltimore Pike, Springfield, PA 190643 and 701 Byers Dr, Concord Township, PA 19342.

10. At all times relevant and material hereto, the restaurant premises including but not limited to the pedestrian aisleways, kitchen, and bathroom areas was open to business invitees, customers, visitors, and the general public.

11. At all times relevant hereto, Defendants had a duty to keep and maintain the aforementioned restaurant premises including but not limited to the pedestrian aisleways, kitchen, and bathroom areas, in a reasonably safe condition, including the pedestrian aisleways, kitchen, and bathroom areas of the restaurant located at or about 1118 Baltimore Pike, Springfield, PA 190643, which is the subject of this litigation.

12. At all times material hereto, Defendants had a duty to exercise due care to inspect, maintain, operate, keep clear, and/or keep safe the aforementioned restaurant premises including but not limited to pedestrian aisleways, kitchen, and bathroom.

13. At all times material hereto, Defendants acted through their agents, servants, workmen and/or employees acting within the nature and scope of their employment with Defendants in inspecting, controlling, maintaining, and operating the aforementioned restaurant premises including but not limited to the pedestrian aisleways, kitchen, and bathroom.

14. On or about September 11, 2022, Plaintiff was a lawful business invitee properly on the premises.

15. On or about September 11, 2022, Plaintiff had properly entered the property and was walking to the bathroom while dining at Defendants establishment when he slipped and

suffering serious bodily injuries, as more fully set forth below, as a result of a wet slippery condition existing in a pedestrian aisleway/walkway located at or near the kitchen and bathroom area of the restaurant.

16. At all times relevant hereto, Defendants and their agents, servants, workmen and/or employees knew or should have known that the wet slippery condition created a dangerous condition for pedestrians and business invitees such as Plaintiff.

## COUNT I - NEGLIGENCE

### Plaintiff Paul Crispin v. All Defendants

17. Plaintiff incorporates herein all preceding paragraphs of this Complaint as though fully set forth at length.

18. Defendants, individually and/or by and through their agents, servants, workman, employees, officers or directors, created or allowed the dangerous, defective, and hazardous condition of the pedestrian aisleway/walkway located at or near the kitchen and bathroom area of the restaurant, which aisleways/walkways were not maintained in accordance with reasonable and appropriate maintenance practices.

19. The accident was caused exclusively and solely by the defendants' negligence, in that:

  a) defendants, individually and/or by and through their agents, servants, workmen or employees caused or permitted a wet slippery condition to pool on the floor;

  b) defendants, individually and/or by and through their agents, servants, workmen or employees failed to make a reasonable inspection of the floor,

           which would have revealed the dangerous condition created by the wet slippery substance;

c)    defendants, individually and/or by and through their agents, servants, workmen or employees failed to give warning of the dangerous condition created by the wet slippery substance, failed to erect barricades or to take any other safety precautions to prevent injury to the plaintiff and other customers;

d)    defendants, individually and/or by and through their agents, servants, workmen or employees failed to remove the wet slippery substance from the floor:

e)    defendants, individually and/or by and through their agents, servants, workmen or employees failed to exercise reasonable prudence and due care to keep the floor in a safe condition for plaintiff and other similarly invited patrons;

f)    defendants, individually and/or by and through their agents, servants, workmen or employees failed to inspect, maintain and properly utilize walk off mats, which resulted in the accumulation of a wet slippery substance on a pedestrian aisleway/walkway located at or near the kitchen and bathroom area; and

g)    defendants, individually and/or by and through their agents, servants, workmen or employees failed to adopt and/or enforce appropriate policies and procedures for inspection, clean up and maintenance of pedestrian areas of their restaurant.

20. The defendants, through their employees, servants and agents, either had actual notice of the unsafe and dangerous condition of the floor and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition created by the slippery substance on the floor.

21. Solely as a result of the negligence of defendants, individually and/or by and through their agents, servants, workmen or employees, plaintiff was caused to suffer various physical injuries, including but not limited to bilateral ulnar impaction, aggravation of underlying left thumb arthritis requiring injections, traumatic injury to the cervical spine requiring a posterior C2-4 laminectomy, traumatic injury to the back and aggravation of underlying conditions requiring spinal fusion surgery, traumatic injury to the right ankle, traumatic injury to the right knee, and injuries to the nerves and nervous system.

22. As a direct result of the aforesaid slip and fall, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

23. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

24. As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of her earning power and capacity.

25. As a result of his injuries, plaintiff may have suffered a permanent diminution of his ability to enjoy life and life's pleasures.

26. As a result of his injuries, plaintiff may in the future incur medical expenses and income loss.

27. As a direct result of the aforesaid accident, Plaintiff has been compelled to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

28. As a direct result of her injuries, plaintiff has been prevented from attending to his usual duties and obligations, and believes that he may be prevented from so doing in the future, as his injuries seem to be permanent in nature.

WHEREFORE, plaintiff Paul Crispin demands judgment against defendants, jointly and severally, in an amount in excess of fifty thousand dollars. and in excess of the compulsory arbitration limit of this court.

SACCHETTA & BALDINO

Date: September 5, 2024

/s/ Gerald Baldino, Jr.
GERALD B. BALDINO, JR., ESQUIRE
Attorney for Plaintiff

## VERIFICATION

GERALD B. BALDINO, JR, ESQUIRE verifies that he is the attorney of record for plaintiff herein, and is authorized to make this verification on their behalf, and that the statements made in the foregoing complaint are true and correct to the best of his knowledge, information and belief, and understands that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

/s/ Gerald B. Baldino, Jr.
GERALD B. BALDINO, JR., ESQUIRE
Attorney for Plaintiff

FILED
09-05-2024 10:08 AM
OFFICE OF JUDICIAL SUPPORT
DELAWARE COUNTY, PA